UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-22787-KMM

RAFAEL XENES,

    Plaintiff,
v.

POWUR, PBC, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon Defendant Powur, PBC, Inc.'s Motion to Dismiss and/or Strike Plaintiff's Complaint. ("Mot.") (ECF No. 12). Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss ("Resp.") (ECF No. 26) and Defendant filed a Reply (ECF No. 27). The Motion is now ripe for review. As set forth below, the Court DENIES the Motion to Dismiss and/or Strike Plaintiff's Complaint.

**I.   BACKGROUND**

Plaintiff Rafael Xenes has filed a class action Complaint against Defendant Powur, PBC, Inc., alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. *See generally* ("Am. Compl.") (ECF No. 10). Plaintiff is a resident of Miami Gardens, Florida, and has been on the national Do Not Call Registry ("DNCR") since December 21, 2019. *Id.* ¶¶ 12, 30. Plaintiff alleges that despite being on the DNCR, he still received multiple unwanted phone calls from Defendant acting through its agent. *Id.* ¶ 29. On or around November 7, 2022, Plaintiff received a prerecorded phone call from the phone number 607-566-6920, which Plaintiff alleges "belongs to Defendant and/or Defendant's agent." *Id.* ¶ 32. That same day, Plaintiff received

another call from the same number, this time from a live agent. *Id.* ¶ 33. After these calls, Plaintiff received an email from Victor Hidalgo, an employee and/or agent of Defendant, with attachments attempting to sell Plaintiff a solar warranty. *Id.* ¶¶ 34–38. After receiving the email, Plaintiff continued to receive numerous unwanted phone calls from Defendant attempting to sell solar energy equipment. *Id.* ¶¶ 40–45.

Plaintiff brings the following causes of action against Defendant pursuant to the TCPA: (1) violation of the TCPA, 47 U.S.C. § 227(B) ("Count 1"), *id.* ¶¶ 64–70; and (2) violation of Fla. Stat. § 501.059 ("Count 2"), *id.* ¶¶ 71–76. Plaintiff proposes the following classes:

> **The Prerecorded Voice TCPA Class**
> All persons within the United States who received any solicitation/telemarketing phone calls from Defendant to said person's cellular telephone made through the use of a prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.
>
> **The Florida TCPA Class**
> All persons within the State of Florida who received any solicitation/telemarketing phone calls from Defendants to said person's cellular telephone that included the playing of a recorded message and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

*Id.* ¶ 54.

Now, Defendant moves to dismiss the Amended Complaint (1) for lack of federal subject matter jurisdiction because Plaintiff has not established standing, (2) for failure to state a claim, and (3) because Fla. Stat. § 501.059 is facially unconstitutional. *See* Mot. at 5–17. Defendant further moves to strike the class allegations because they are so facially inadequate that certification cannot be granted. *See id.* at 17–19.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III. DISCUSSION

#### A. Plaintiff Has Standing

First, Defendant argues that the Court lacks subject matter jurisdiction because the constitutional standing requirements of Article III are not satisfied. Mot. at 5–6. To establish Article III standing, a plaintiff must show (1) an injury in fact; (2) the injury must be fairly traceable to the challenged conduct of the defendant; and (3) the injury is likely to be redressed by the requested relief. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

The TCPA prohibits anyone from using an autodialer or a prerecorded voice to call any telephone number for telemarketing purposes without prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii); *see also Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302,

1305 (11th Cir. 2015). In the Amended Complaint, Plaintiff alleges that he received an unsolicited prerecorded phone call from a number belonging to Defendant and/or Defendant's agent, despite having his phone number registered on the DNCR. Am. Compl. ¶ 32. He further alleges that he was harmed by these calls because the calls invaded his privacy, caused disruption to his daily life, and took up so much memory on his phone that it risked rendering the phone unusable for other purposes. *Id.* ¶¶ 48–51. Accordingly, the Court finds that Plaintiff has presented sufficient facts to confer Article III standing.

### B. The TCPA Claim Survives Dismissal

To state a claim pursuant to the TCPA, Plaintiff may proceed either on a theory of direct liability, which "applies only to entities that initiate the telemarketing calls," or on a theory of vicarious liability, which can be established through "actual agency, apparent authority, or ratification." *Tuso v. Lennar Corp.*, No. 23-CV-22264, 2024 WL 1239474, at *2 (S.D. Fla. Mar. 22, 2024) (citing *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 544 F. Supp. 3d 1323, 1331 (S.D. Fla. 2021)). Here, Defendant argues that Plaintiff fails to plausibly allege that Defendant directly initiated the calls. Mot. at 7–8. Specifically, Plaintiff does not allege any facts from which to infer that any calls originated from a phone number belonging to Defendant, nor does Plaintiff allege that Defendant had an agency relationship with Victor Hidalgo, the alleged agent that conducted some of the unwanted calls. *Id.* at 9. In response, Plaintiff argues that at this stage of the proceedings, he has alleged enough specific facts to establish the traceability of the calls to Defendant. Resp. at 9–13.

On a motion to dismiss, the Court must accept all well-pled facts as true. *See Iqbal*, 556 U.S. at 678. The Court finds that the Amended Complaint is minimal but facially sufficient: Plaintiff allegedly received multiple unwanted telemarketing calls selling Defendant's services

4

from a phone number belonging to Defendant or Defendant's agent. Indeed, the Amended Complaint alleges that Plaintiff first received a prerecorded phone call on November 7, 2022, from a telephone number owned by Defendant or Defendant's agent. Am. Compl. ¶ 32. Despite telling Defendant to stop calling, Plaintiff continued to receive multiple unwanted calls from Defendant through January 2023 attempting to sell Defendant's solar energy equipment. *Id.* ¶¶ 40–45.[1] At this stage in the proceedings, where the Court must accept Plaintiff's allegations as true, Plaintiff has properly stated a claim for violation of the TCPA and the Motion to Dismiss is denied. *See Off. of the Att'y Gen. v. Smartbiz Telecom LLC*, No. 1:22-CV-23945-JEM, 2023 WL 5491835, at *4 (S.D. Fla. Aug. 23, 2023) (denying motion to dismiss as it related to the defendant's liability under the TCPA because the plaintiff sufficiently alleged that the defendant was involved in making the robocalls); *Klassen v. Protect My Car Admin Servs., Inc.*, 599 F. Supp. 3d 1243, 1246 (M.D. Fla. 2021) (declining to dismiss a TCPA claim because the plaintiff alleged that the defendant repeatedly called her cell phone for solicitation purposes and "nothing more is required to plausibly allege that [the defendant] made the offending calls").

### C. The FTSA Claim Survives Dismissal

In Count Two of the Amended Complaint, Plaintiff alleges that Defendant violated the "autodialer provision" of the FTSA, which provides that "[a] person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers . . . without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a). Defendant argues that Plaintiff's FTSA claim should be dismissed

---

[1] Plaintiff also alleges that he received unwanted live phone calls and an email from Victor Hildago, an agent of Defendant, with several attachments advertising Defendant's services. Am. Compl. ¶¶ 34–39. Because Plaintiff's TCPA claim is limited to unsolicited prerecorded calls to Plaintiff's cell phone, the Court does not consider Plaintiff's allegations regarding unwanted emails or live calls in adjudicating the Motion to Dismiss.

because the Florida statute is facially unconstitutional and permitting Plaintiff to recover under both the TCPA and FTSA for the same alleged injury would amount to improper double recovery. Mot. at 11–19.

### 1. The FTSA Does Not Violate the Dormant Commerce Clause

The Commerce Clause provides that "Congress shall have Power . . . [t]o regulate Commerce with foreign Nations, and among the several States." U.S. Const. art. I, § 8, cl. 3. Although this clause expressly concerns Congress's power, the Supreme Court has discerned a dormant aspect that limits the power of the "several States," *id.*, to burden foreign or interstate commerce. *Norwegian Cruise Line Holdings Ltd v. State Surgeon Gen., Fla. Dep't of Health*, 50 F.4th 1126, 1141 (11th Cir. 2022). "The Dormant Commerce Clause prohibits regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors." *Id.* (citing *Island Silver & Spice, Inc. v. Islamorada*, 542 F.3d 844, 846 (11th Cir. 2008)). A statute violates the Dormant Commerce Clause if it discriminates against interstate commerce or if it unduly burdens interstate commerce. *Id.*

Here, Defendant argues that with the increased use of cell phones and call forwarding, it is impossible for callers to know whether the party they are calling is in Florida or not. Mot. at 13 ("For example, a business located in California might place a 'telephonic sales call' to a telephone number with a New York area code, but the call recipient may be located or reside in Florida. That business would be liable for violating the FTSA even if they had no way of determining the recipient's actual location or residence."). Thus, Defendant avers that the FTSA has the practical effect of regulating commerce occurring wholly outside the state of Florida in violation of the Dormant Commerce Clause. *Id.* at 14. In response, Plaintiff points out that at least one court in this District has rejected this Dormant Commerce Clause argument specifically as it applies to the

FTSA.  Resp. at 15–16.  Indeed, Judge Ruiz found in *Turizo v. Subway Franchisee Advert. Fund Tr. Ltd.*. that "by the statute's own terms, the autodialer provision does not extend to calls to non-Florida residents or persons outside the state."  603 F. Supp. 3d 1334, 1346 (S.D. Fla. 2022) (citing Fla. Stat. § 501.059(8)(d)).  In addition, the fact that the FTSA places an evidentiary burden on a defendant to show that the called party was not actually in Florida when the call was placed does not violate the Dormant Commerce Clause.  *See id.*  Many have attempted to challenge the constitutionality of section 8(a) of the FTSA, and all have failed.  *See, e.g., Zononi v. CHW Grp., Inc.*, No. 22-CV-14358, 2023 WL 2667941, at *5 (S.D. Fla. Mar. 7, 2023) (rejecting Dormant Commerce Clause, First Amendment, and Due Process arguments); *Pariseau v. Built USA, LLC*, 619 F. Supp. 3d 1203, 1211 (M.D. Fla. 2022) (holding that the FTSA does not violate the First Amendment and is not unconstitutionally vague); *Borges v. SmileDirectClub, LLC*, No. 21-CV-23011, 2022 WL 4269564, at *4–9 (S.D. Fla. Sept. 15, 2022) (same).

Accordingly, the Court finds that the FTSA does not regulate conduct "wholly outside" Florida and therefore does not violate the Dormant Commerce Clause.

### 2. Double Recovery

Defendant next argues that even if the Court finds that the FTSA is not unconstitutional, Plaintiff's FTSA claim should nevertheless be dismissed because Plaintiff impermissibly seeks double recovery under the TCPA and FTSA for the same alleged calls.  Mot. at 16–17.  The Court agrees with Plaintiff, who argues that ruling on an issue of damages is premature at the motion to dismiss stage.  *See* Resp. at 19.  While double recovery is not permitted, the Court under Rule 12(b)(6) looks to whether a plaintiff has stated a claim upon which relief can be granted, not whether those claims may lead to double recovery at the end of the litigation.  Indeed, pleading alternative theories of recovery is explicitly permitted by the Federal Rules of Civil Procedure.

*See* Fed. R. Civ. P. 18(a).  Thus, the Court will not consider a potential double recovery issue at this point in the proceedings.

### D.  The Court Declines to Strike Class Allegations

Finally, Defendant moves to strike the class allegations in the Amended Complaint arguing that the proposed class definitions are impermissibly fail-safe and common questions of law and fact do not predominate.  Mot. at 17–19.  In response, Plaintiff argues that the classes are certifiable, and Defendant is prematurely attempting to strike Plaintiff's class allegations.  Resp. at 19–22.

When a potential class representative sues, the Court must determine whether to certify the action as a class action "at an early practicable time."  Fed. R. Civ. P. 23(c)(1).  "While it is sometimes possible to decide the propriety of class certification from the face of the complaint, the Supreme Court has emphasized that it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."  *Landeros v. Pinnacle Recovery, Inc.*, 692 F. App'x 608, 611 (11th Cir. 2017) (internal citation and quotation marks omitted).  "In fact, the determination usually should be predicated on more information than the complaint itself provides, and it will frequently entail overlap with the merits of the plaintiff's underlying claim."  *Id.*  It is "rare" for courts to strike or dismiss class allegations prior to the filing of class certification motions and discovery.  *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007).  Moreover, striking pleadings is a drastic remedy and courts "view the Rule 23 factors through the lens of the Rule 12(f) standards for motions to strike."  *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 700 (S.D. Fla. 2014).  As a result, the proper inquiry is whether the class allegations are "redundant, immaterial, impertinent, or scandalous."  *Id.* (citing Fed. R. Civ. P. 12(f)); *see also Desmond v. Citimortgage, Inc.*, No. 1:12-CV-23088, 2015 WL 845571, at

*3, 6 (S.D. Fla. Feb. 25, 2015) ("[T]he Court declines to make a class certification determination without the filing of a formal motion for class certification.").

Here, the Court finds nothing immaterial, impertinent, or scandalous about allegations defining a class of (1) all people in the United States who received unwanted prerecorded telemarketing phone calls from Defendant to their cell phones within the four years prior to the filing of this action or (2) all people in Florida who received unwanted prerecorded telemarketing phone calls from Defendant within the four years prior to the filing of this action. Am. Compl. ¶ 54. While there may be a potential issue of redundancy with the two classes, the Court finds it premature to strike the class allegations at this stage in the proceedings.

**CONCLUSION**

UPON CONSIDERATION of the Amended Complaint (ECF No. 10), the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion to Dismiss and/or Strike Plaintiff's Complaint (ECF No. 12) is DENIED. It is FURTHER ORDERED that the Joint Motion to Stay Discovery and/or for a Continuance of the Trial Date and All Associated Discovery Deadlines (ECF No. 29)[2] is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _26th_ day of April, 2024.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

---

[2] Therein, the Parties move to stay discovery and continue the trial date and all discovery deadlines pending the Court's ruling on the Motion to Dismiss. *See generally* (ECF No. 29).