**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **Rafael Xenes, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**Powur, PBC, Inc.**<br><br>Defendants. | **Case No.: 1:23-cv-22787-KMM**<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**<br><br>**JURY TRIAL DEMANDED** |

## I.   INTRODUCTION

Plaintiff Rafael Xenes ("Plaintiff") brings this motion to compel substantive discovery responses from Defendant Powur, PBC, Inc. ("Defendant") . Defendant has refused to provide *any* substantive responses to any of the Request for Production of Documents and Interrogatories.  Accordingly, Plaintiff requests that the Court compel Defendant to further respond to Plaintiff's discovery requests.

## II.   STATEMENT OF FACTS

On February 27, 2024, Plaintiff served on Defendant's counsel Plaintiff's Interrogatories ("ROGS"), Request for Admissions ("RFA") and Request for Production of Documents ("RPD"). *See Declaration of Plaintiff's Counsel Ryan L. McBride* ("McBride Decl.") ¶ 5. On April 18, 2024, Defendant served Plaintiff's counsel with its responses and objections to Plaintiff's first set of discovery requests. McBride Decl. ¶ 6.

Notably, no document production was included, as Defendant objected to all thirty-seven (37) of Plaintiff's RPD's. McBride Decl. ¶ 7. Defendant's response to Interrogatories and Requests for Production of Documents are attached as Exhibit A. On May 7, 2024, Plaintiff's counsel sent Defendant a Meet and Confer letter outlining the severe deficiencies and overall lack of response to any of Plaintiff's Interrogatories and Request for Production of Documents. McBride Decl. ¶ 8.   On the same day, Plaintiff and Defendant's counsel held a meet and confer videoconference call to discuss the deficient responses. McBride Decl. ¶ 9.

Defendant based the vast majority of its objections on their purported perception of terms in the requests being "vague" and or "overly broad." McBride Decl. ¶ 10. Additionally, Defendant wanted to narrow the scope of the requests. McBride Decl. ¶ 11. While other objections were also made, these were the two overarching objections. McBride Decl. ¶ 12. The Parties agreed to the entry of a protective order to satisfy any blanket objections regarding potential confidential information. McBride Decl. ¶ 13. Furthermore, the Parties agreed the information requested pertains to solely the prerecorded calls made for the purpose of telemarketing during the class period, mooting any overbroad, unduly burdensome objections. McBride Decl. ¶ 14.

On May 15, 2024, Plaintiff's counsel emailed Defendant's counsel requesting Defendant let Plaintiff know Defendant's final position on the discovery disputes outlined on the May 7, 2024, videoconference call and meet and confer letter. McBride Decl. ¶ 15. In response, Defendant's counsel provided a letter on May 16, 2024. McBride Decl. ¶ 16. The letter indicated that it would not be providing responsive information to the requests

identified below in Plaintiff's Motion to Compel Further Discovery Responses. *Id.* Defendant also indicated it would provide supplemental responses by May 17, 2024. *Id*. Defendant has not provided supplemental responses as of this filing and Plaintiff's Motion to Compel Further Discovery Responses is due May 18, 2024. McBride Decl. ¶ 17.

## III.    STANDARD OF REVIEW

Motions to compel discovery under Federal Rule of Civil Procedure 37(a) are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope,* 730 F.2d 729, 731 (11th Cir.1984). Discovery is intended to operate with minimal judicial supervision **unless a dispute arises and one of the parties' files a motion involving judicial intervention.** *Id.* (emphasis added).

When a party objects to discovery requests as being impermissibly overbroad,  'the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.' Fed.R.Civ.P. 26 advisory committee's note (2000), subdivision (b)(1)." Id. "Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard." *McGrath v. Everest Nat. Ins. Co.*, 625 F.Supp.2d 660, 670 (N.D.Ind. 2008). *Coicou v. Hoffman*, No. 15-CIV-61450-COHN, 2016 U.S. Dist. LEXIS 166759, at *11-12 (S.D. Fla. Nov. 30, 2016).

## IV.    ARGUMENT

Defendant is attempting to stonewall Plaintiff by responding with blanket objections and withholding information necessary for merits determination and class

certification purposes. Notably, during the meet and confer process, Plaintiff agreed to narrow all of the requests to relating only to pre-recorded voice calls that were made for the purposes of telemarketing/solicitation. McBride Decl. ¶ 11. In Plaintiff's discovery requests, Plaintiff provided a definition for "Subject Phone Call(s)" to be the phone calls made by Defendant to Plaintiff.  Plaintiff defined "Phone Calls" to be the phone calls made to persons by Defendant and/or Defendant's agents from July 26, 2019 through July 26, 2023. The following are the requests that are in dispute and Plaintiff's position:

Interrogatory No. 1

Identify the total number of Subject Phone Calls made to Plaintiff. For each phone call, please identify the date, content, name, and telephone number of the recipient of the phone call, and describe how the phone calls were made, including a description of the equipment used to obtain, store, and make calls to each telephone number.

Defendant's Objections to Interrogatory No. 1

Defendant specifically objects to this Interrogatory as stated on the grounds that: (i) it is not reasonably limited in scope to the claims or defenses at issue in the litigation, including that it seeks information about every communication or attempted communication made to Plaintiff at any phone number by or on behalf of any person, without exception or regard for the type, purpose, nature, or originator of the call, and therefore, it is overly broad, unduly burdensome, and not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1); (ii) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant and/or seeks information that is in the possession of third parties, and, thus, is overly broad and unduly burdensome; (iii) the terms "obtain, store, and make calls" are vague and ambiguous, and capable of multiple interpretations, and carry legal connotations that have a direct impact

on the present case, and, as such, Defendant cannot be reasonably certain of the scope, type, subject matter or nature of the information being sought; (iv) as worded, it would necessitate the preparation of a compilation in order to properly respond; (v) as worded this interrogatory is actually multiple interrogatories masquerading as a single interrogatory and seeks the answer to at least six (6) questions for each call; (vi) the phrase "Subject Phone Calls" is vague and ambiguous because it does not identify the number to which the alleged calls were made; and (vii) discovery on this topic is premature given Defendant's pending Motion to Dismiss and both parties' forthcoming joint motion to stay discovery.

<u>Defendant's Response to Interrogatory No. 1</u>

Subject to and without waiving any of the foregoing objections or any reserved objections, Defendant stands on its objections and cannot provide a substantive response to this Interrogatory at this time. Defendant invites Plaintiff to meet and confer regarding the proper scope and subject matter of this Interrogatory.

<u>Plaintiff's Position on Interrogatory No. 1</u>

Defendant has not demonstrated that this request is unduly burdensome. No time or cost estimate has been provided. Therefore, Defendant has not met its burden to show these requests are unduly burdensome. *See Payless Shoesource Worldwide, Inc. v. Target Corp.*, Civil Action No. 05-4023-JAR, 2007 U.S. Dist. LEXIS 47918, at *34 (D. Kan. June 29, 2007). "The objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, the discovery request is overly broad or burdensome by submitting affidavits or offering evidence revealing the nature of the

burden." *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 688-689 (D. Kan. 2004).

Furthermore, Fed. R. Civ. P. 26(b)(1) delimits the scope of discovery as follows unless otherwise limited by court order: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Based on this broad definition of relevance, the information sought by Plaintiff in this request is clearly proper. Plaintiff needs this information for purposes of class certification and investigation into the merits, and the Court has not limited or otherwise bifurcated the scope of discovery between merits and class discovery.

A court in the Northern District of Florida recently found that "discovery is not bifurcated and, therefore, this Court will not limit discovery just because the class is not yet certified." *Heaven Le v. Asset Campus United States LLC*, 2021 U.S. Dist. LEXIS 176496 (N.D. Fla.); *See also*, *Gaines v. Law Office of Patenaude & Felix, A.P.C.,* No. 13cv1556-JLS (DHB), 2014 U.S. Dist. LEXIS 110161, at *10-11 (S.D. Cal. Aug. 7, 2014) ("As previously ordered on July 2, 2014, Defendant is ordered to produce its complete outbound dial list to Plaintiff. The dial list must be produced in a searchable electronic format, such as CSV, comma delimited, or pipe delimited. The dial list must also be a complete, unfiltered list, that contains all telephone numbers dialed by Defendant's

autodialer."); *see also Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277 (11th Cir. 2019) (requiring district court to consider, in Telephone Consumer Protection Act case, when certifying class whether large portion lacked standing for failing to ask the telemarketer to stop calling); *Mey v. Enter. Fin. Group, Inc.*, No. 2:15-cv-463-FtM-99MRM, 2016 U.S. Dist. LEXIS 188389, 2016 WL 9110357, at *3 (M.D. Fla. July 27, 2016) (granting      some pre-certification discovery of class information      in Telephone Consumer Protection Act case) (citing *Mills*, 511 F.3d at 1309).Thus, Defendant's attempt to withhold highly relevant information necessary for Plaintiff's class certification motion is inappropriate.

Further, when the parties, like here, have agree to a protective order, it is sufficient to prevent privacy concerns from arising about the use of information. *See Bales v. Brighth Solar Mktg. LLC*, 2022 U.S. Dist. LEXIS 214892 (M.D. Fla.); *See also Coker v. Duke & Co.*, 177 F.R.D. at 687 ("any concerns about the use of the [customers'] information can be allayed by the entry of a protective order."); *Kaplan v. Lappin*, No. 10-80227-CIV, 2011 U.S. Dist. LEXIS 168926, 2011 WL 13225151, at *3 (S.D. Fla. May 9, 2011) ("Defendant's remaining objection that the Interrogatory violates his privacy interests is no longer an issue in light of the net worth confidentiality order that shall be in effect."). Here, Plaintiff is simply asking for a number, and not the identification of any of the putative class members.  Plaintiff has narrowed the request to only identify the number of persons called with a pre-recorded voice for the purposes of telemarketing. Thus, this information is necessary to determine numerosity.

Interrogatory No. 6

Identify who made the Subject Phone Calls to Plaintiff including contact information for that person.

<u>Defendant's Objections to Interrogatory No. 6</u>

Defendant specifically objects to this Interrogatory as stated on the grounds that: (i) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant and/or seeks information that is in the possession of third parties, and, thus, is overly broad and unduly burdensome; (ii) the terms "who" and "made" are vague and ambiguous, and capable of multiple interpretations, and carries legal connotations that have a direct impact on the present case, and, as such, Defendant cannot be reasonably certain of the scope, type, subject matter or nature of the information being sought; and (iii) the phrase "Subject Phone Calls" is vague and ambiguous because it does not identify the number to which the alleged calls were made

<u>Defendant's Response to Interrogatory No. 6</u>

Subject to and without waiving any of the foregoing objections or any reserved objections, Defendant stands on its objections and cannot provide a substantive response to this Interrogatory at this time. Defendant invites Plaintiff to meet and confer regarding the proper scope and subject matter of this Interrogatory.

<u>Plaintiff's Position on Interrogatory No. 6</u>

After meeting and conferring on this interrogatory, and Defendant providing supplemental responses, Defendant still failed to provide a sufficient response. Plaintiff requests the Court order Defendant to supply this information, which is highly relevant to determining who made the calls at issue.

<u>Interrogatory No. 9 and Request for Production Nos. 15, 31, 32</u>

ROG 9: Have you ever received formal or informal complaints regarding Phone Calls? If so, identify the complaint, including the date and name(s) of the individual(s) making the complaint.

RPD 15: All formal or informal complaints received by you regarding phone calls made by You that were made from July 26, 2019, through July 26, 2023.

RPD 31: All documents or communications you have received claiming that You have violated the Telephone Consumer Protection Act.

RPD 32: All documents or communications you have received claiming that You have violated the FTSA.

<u>Defendant's Objections to Interrogatory No. 9</u>

Defendant specifically objects to this Interrogatory as stated on the grounds that: (i) it is not reasonably limited in scope to the claims or defenses at issue in the litigation, including that it seeks information about Defendant's receipt of *any* formal or informal complaints regarding *any* phone calls, and therefore, it is overly broad, unduly burdensome, and not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1); (ii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified; (iii) the terms "received" and "formal or informal complaints" are vague and ambiguous, and capable of multiple interpretations, and carry legal connotations that have a direct impact on the present case, and, as such, Defendant cannot be reasonably certain of the scope, type, subject matter or nature of the information being sought; (iv) it is vague and ambiguous as to time; (v) as worded, it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, joint defense and/or common interest privilege, and/or any other privilege or immunity, including but not limited to

seeking the mental impressions, litigation/trial strategy and/or legal conclusions of Defendant's counsel; (vi) it seeks irrelevant information outside of the scope of this case; and (vii) the term "Phone Calls" is vague and ambiguous, including in that it does not identify what the calls concerned.

<u>Defendant's Responses to Interrogatory No. 9</u>

Subject to and without waiving any of the foregoing objections or any reserved objections, Defendant stands on its objections and cannot provide a substantive response to this Interrogatory at this time. Defendant invites Plaintiff to meet and confer regarding the proper scope and subject matter of this Interrogatory.

<u>Plaintiff's Position on Interrogatory No. 9</u>

The complaints received by Defendant are highly relevant to issues of agency and specifically as to ratification.  If Defendant was aware of complaints regarding calls made by its agents, then it is likely Defendant ratified the conduct at issue in the operative complaint. Thus, this information is highly relevant to Plaintiff's agency theory.

<u>Interrogatory No. 10</u>

Describe what type of consent or permission, if any, you obtained from Plaintiff to make the Subject Phone Calls, prior to making the Subject Phone Calls.

<u>Defendant's Objections to Interrogatory No. 10</u>

Defendant specifically objects to this Interrogatory as stated on the grounds that: (i) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant and/or seeks information that is in the possession of third parties, and, thus, is overly broad and unduly burdensome; (ii) the term "consent or permission" is vague and ambiguous, and capable of multiple interpretations, and carries

legal connotations that have a direct impact on the present case, and, as such, Defendant cannot be reasonably certain of the scope, type, subject matter or nature of the information being sought; (iii) it is vague and ambiguous as to time; and (iv) the phrase "Subject Phone Calls" is vague and ambiguous because it does not identify the number to which the alleged calls were made [sic]

Defendant's Response to Interrogatory No. 10

Subject to and without waiving any of the foregoing objections or any reserved objections, Defendant stands on its objections and cannot provide a substantive response to this Interrogatory at this time.

Plaintiff's Position on Interrogatory No. 10

Defendant presumably is claiming a defense of consent, though it has not timely filed an answer to the First Amended Complaint.  Thus, Plaintiff will need to know what information Defendant is relying upon for consent to call Plaintiff.

Interrogatory No. 11

Describe the manner in which the list(s) of telephone numbers to which Phone Calls are made was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who compiled them.

Defendant's Objections to Interrogatory No. 11

Defendant specifically objects to this Interrogatory as stated on the grounds that: (i) it is not reasonably limited in scope to the claims or defenses at issue in the litigation, including that it seeks information about the manner in which *any* lists for *any* phone calls were compiled or acquired, and therefore, it is overly broad, unduly burdensome, and not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1); (ii) as worded,

11

it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified; (iii) the terms "compiled," "acquired," and "source(s)" are vague and ambiguous, and capable of multiple interpretations, and carry legal connotations that have a direct impact on the present case, and, as such, Defendant cannot be reasonably certain of the scope, type, subject matter or nature of the information being sought; (iv) it assumes facts and requires implicit admissions that Defendant made calls, complied or acquired lists of numbers, and made calls using those lists; (v) as worded, it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, joint defense and/or common interest privilege, and/or any other privilege or immunity, including but not limited to seeking the mental impressions, litigation/trial strategy and/or legal conclusions of Defendant's counsel; (vi) it seeks irrelevant information outside of the scope of this case; and (vii) as worded this interrogatory is actually multiple interrogatories masquerading as a single interrogatory and seeks the answer to at least three (3) questions for each call.

Defendant's Response to Interrogatory No. 11

Subject to and without waiving any of the foregoing objections or any reserved objections, Defendant stands on its objections and cannot provide a substantive response to this Interrogatory at this time. Defendant invites Plaintiff to meet and confer regarding the proper scope and subject matter of this Interrogatory.

Plaintiff's Position on Interrogatory No. 11

This request goes to the defense of consent as to Plaintiff and the putative class.

<u>Interrogatory No. 14 and RPD Nos. 16 and 25</u>

ROG 14: Identify the number of persons that were called by Defendant with a prerecorded voice from July 26, 2019, through July 26, 2023.

RPD 16: The list identifying the target name and/or phone number for every phone call you made with a prerecorded voice to residents in the State of Florida from July 26, 2019, through July 26, 2023.

RPD 25: All documents pertaining to the telephone numbers to which phone calls by You were made with a prerecorded voice from July 26, 2019, through July 26, 2023, including, but not limited to, transmission reports or logs.

<u>Defendant's Objections to Interrogatory No. 14</u>

Defendant specifically objects to this Interrogatory as stated on the grounds that:

(i) it is not reasonably limited in scope to the claims or defenses at issue in the litigation, including that it seeks information about any calls made by Defendant to any recipient using a prerecorded voice, without exception or regard for the type, purpose, nature, recipient, or originator of the call, and therefore, it is overly broad, unduly burdensome, and not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1); (ii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified; (iii) the terms "called by" and "prerecorded voice" are vague and ambiguous, and capable of multiple interpretations, and carry legal connotations that have a direct impact on the present case, and, as such, Defendant cannot be reasonably certain of the scope, type, subject matter or nature of the information being sought; (iv) it seeks irrelevant information outside of the scope of this case; (v) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant and/or seeks information that is in the

possession of third parties, and, thus, is overly broad and unduly burdensome; and (vi) this Interrogatory exceeds the limit of 25 Interrogatories permitted under Fed. R. Civ. P. 33(a)(1).

Defendant's Response to Interrogatory No. 14

Subject to and without waiving any of the foregoing objections or any reserved objections, Defendant stands on its objections and cannot provide a substantive response to this Interrogatory at this time. Defendant invites Plaintiff to meet and confer regarding the proper scope and subject matter of this Interrogatory.

Plaintiff's Position on Interrogatory No. 14

The requested information is necessary to determine numerosity under Fed. R. Civ. P. 23.  Plaintiff is *not* requesting identifying information, only the number of persons called.

Interrogatory No. 15

Identify all local and long-distance telephone numbers and long distance providers including account numbers used by You to make Phone Calls from four years prior to the filing of this action to the date of answering these interrogatories.

Defendant's Objections to Interrogatory No. 15

Defendant specifically objects to this Interrogatory as stated on the grounds that: (i) it is not reasonably limited in scope to the claims or defenses at issue in the litigation, including that it seeks information about any local or long-distance telephone numbers and providers used by Defendant, without exception or regard for the type, purpose, nature, recipient, or originator of the calls made using those numbers, and therefore, it is overly broad, unduly burdensome, and not proportional to the needs of the case in violation

of Fed. R. Civ. P. 26(b)(1); (ii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified; (iii) it seeks irrelevant information outside of the scope of this case; (iv) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant and/or seeks information that is in the possession of third parties, and, thus, is overly broad and unduly burdensome; (v) the term "Phone Calls" is vague and ambiguous, including in that it does not identify what the calls concerned; (vi) the definition of "You" is overbroad, vague, and ambiguous, and requires a legal determination of whether any individual or entity is acting as an agent or on behalf of Defendant; (vii) to the extent that it requests information about local and/or long-distance providers, it is outside of the scope of discovery as framed by the current pleadings; (vii) the term "account numbers" is vague, ambiguous, and not defined; and (viii) this Interrogatory exceeds the limit of 25 Interrogatories permitted under Fed. R. Civ. P. 33(a)(1).

     <u>Defendant's Response to Interrogatory No. 15</u>

     Subject to and without waiving any of the foregoing objections or any reserved objections, Defendant stands on its objections and cannot provide a substantive response to this Interrogatory at this time. Defendant invites Plaintiff to meet and confer regarding the proper scope and subject matter of this Interrogatory.

     <u>Plaintiff's Position on Interrogatory No. 15</u>

     The information requested is important in order to determine which telephone providers may have call records for the calls at issue.

<u>Interrogatory No. 17 and RPD 33</u>

ROG 17: Describe Defendant's relationship with Victor Hidalgo.

RPD 33: All contracts and documents pertaining to any agreement between you and any third party regarding the Phone Calls or similar calls to the Phone Calls.

<u>Defendant's Objections to Interrogatory No. 17</u>

Defendant specifically objects to this Interrogatory as stated on the grounds that: (i) it is vague and ambiguous as to scope and time; (ii) as worded, it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, joint defense and/or common interest privilege, and/or any other privilege or immunity, including but not limited to seeking the mental impressions, litigation/trial strategy and/or legal conclusions of Defendant's counsel; (iii) the term "relationship" is vague and ambiguous, and capable of multiple interpretations, and carry legal connotations that have a direct impact on the present case, and, as such, Defendant cannot be reasonably certain of the scope, type, subject matter or nature of the information being sought; (iv) as worded, it seeks confidential information about Defendant's business practices, proprietary information regarding Defendant's internal processes, and/or trade secrets; and (v) this Interrogatory exceeds the limit of 25 Interrogatories permitted under Fed. R. Civ. P. 33(a)(1).

<u>Defendant's Response to Interrogatory No. 17</u>

Subject to and without waiving any of the foregoing objections or any reserved objections, Defendant stands on its objections and cannot provide a substantive response to this Interrogatory at this time. Defendant invites Plaintiff to meet and confer regarding the proper scope and subject matter of this Interrogatory.

<u>Plaintiff's Position on Interrogatory No. 17</u>

Victor Hidalgo is the person identified as calling Plaintiff who provided documents to Plaintiff with Defendant's logo.   Plaintiff is entitled to know how Mr. Hidalgo is associated with Defendant.

<u>Interrogatory No. 18 and RPD No. 18</u>

ROG 18: Identify all documents relating to consent for Defendant and/or Defendant's agents to make the Phone Calls.

RPD 18: All documents supporting your contention that you obtained express written consent to make the Phone Calls.

<u>Defendant's Objections to Interrogatory No. 18</u>

Defendant specifically objects to this Interrogatory as stated on the grounds that: (i) it is not reasonably limited in scope to the claims or defenses at issue in the litigation, including that it seeks information about "all documents related to consent for Defendant and/or Defendant's agents" without exception or regard for the type, method, purpose, nature, provider or collector of the consent, and therefore, it is overly broad, unduly burdensome, and not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1); (ii) as worded, it is premature, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified; (iii) as worded, it is not necessarily limited to seeking information within the possession, custody or control of Defendant and/or seeks information that is in the possession of third parties, and, thus, is overly broad and unduly burdensome; and (iv) the terms "documents," "relating to" and "consent" are vague and ambiguous, and capable of multiple interpretations, and carry

legal connotations that have a direct impact on the present case, and, as such, Defendant cannot be reasonably certain of the scope, type, subject matter or nature of the information being sought; (v) as worded, it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, joint defense and/or common interest privilege, and/or any other privilege or immunity, including but not limited to seeking the mental impressions, litigation/trial strategy and/or legal conclusions of Defendant's counsel; (vi) as worded, it seeks confidential information about Defendant's business practices, proprietary information regarding Defendant's internal processes, and/or trade secrets; (vii) the term "Phone Calls" is vague and ambiguous, including in that it does not identify what the calls concerned; (viii) to the extent that it references "agents," it is outside of the scope of discovery as framed by the current pleadings, which seek to allege a direct liability TCPA claim against Powur; and (ix) this Interrogatory exceeds the limit of 25 Interrogatories permitted under Fed. R. Civ. P. 33(a)(1).

Defendant's Response to Interrogatory No. 18

Subject to and without waiving any of the foregoing objections or any reserved objections, Defendant stands on its objections and cannot provide a substantive response to this Interrogatory at this time. Defendant invites Plaintiff to meet and confer regarding the proper scope and subject matter of this Interrogatory.

Plaintiff's Position on Interrogatory No. 18

The information requested goes to the defense of consent regarding the putative class members and is also relevant to the issue of ratification under Plaintiff's theory of

agency.

<u>Request for Production of Documents No. 9</u>

All documents identifying the total number of persons to whom prerecorded phone calls were made from July 26, 2019 through July 26, 2023.

<u>Defendant's Objections to Request for Production of Documents No. 9</u>

Defendant specifically objects to this request as stated on the grounds that: (i) it is not reasonably limited in scope to the parties, claims, or defenses at issue in the litigation, including that it seeks information about "all documents identifying the total number of persons" to whom "prerecorded phone calls" "were made," without exception or regard for the type, purpose, or date of document or of the call, and therefore, it is overly broad and not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1); (ii) as worded, it seeks confidential information about Defendant's business practices, proprietary information regarding Defendant's internal processes, and/or trade secrets; (iii) as worded, it may be read as seeking information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine, joint defense and/or common interest privilege, and/or any other privilege or immunity; (iv) as worded, it seeks information that is in the possession of third parties and/or seeks information that is more readily available from other sources and, thus, is overly broad and unduly burdensome; (v) as used, the term "prerecorded call" is vague, ambiguous, undefined, and capable of multiple interpretations, and carries legal connotations that have a direct impact on the present case, and, as such, Defendant cannot be reasonably certain of the scope, type, subject matter or nature of the information being sought; (vi) as worded, it would ostensibly require Defendant to guess at its peril which and how many documents, if any,

would "identify" the information that may conceivably fall within the scope of this Request without reasonable limitation and, thus, it is overly broad and not proportional to the needs of the case; (vii) it does not sufficiently describe a reasonably identifiable category of documents to be produced in violation of Fed. R. Civ. P. 34(b)(1)(A); (viii) as used, the term "prerecorded phone call" would require Defendant to draw legal conclusions or make a legal interpretation to properly respond; (ix) it would require an implicit admission that any calls identified are within the scope of this litigation and the allegations of the FAC; and (x) as worded, it is premature, overly broad and not proportional to the needs of the case to the extent it seeks information relating to a putative class or classes that has or have not been (and may never be) certified.

   <u>Defendant's Response to Request for Production of Documents No. 9</u>

   Subject to and without waiving any of the foregoing objections or any reserved objections, Defendant responds as follows: Defendant stands on its objections and cannot provide a substantive response to this Request at this time. Defendant invites Plaintiff to meet and confer regarding the proper scope and subject matter of this Request.

   <u>Plaintiff's Position on Request for Production of Documents No. 9</u>

   This request is relevant because it seeks the number of persons called in the putative class and goes to numerosity.

## V.   CONCLUSION

   Defendant's stonewalling is an abuse of the discovery process. Plaintiff requests that the Court require Defendant to provide supplemental responses at the earliest practicable time so that Plaintiff may prosecute the case.

By: /s/*Ryan McBride*
Ryan L. McBride, Esq.
Florida State Bar No. 1010101
Kazerouni Law Group, APC
301 E. Bethany Home Road Suite C-
195 Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com

*Counsel for Plaintiff and the Class*

<u>Certificate of Conferral</u>

Counsel for the movant has conferred with all parties or non-parties who may be

affected by the relief sought in the motion in a good faith effort to resolve the issues

raised in the motion and has been unable to do so.

Date: May 17, 2024          <u>/s/Ryan L. McBride</u>
                             Ryan L. McBride, Esq.
                             Attorney for Plaintiff